# EXHIBIT A

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**
**CIVIL DIVISION**

84 LUMBER COMPANY, L.P.,

Plaintiff,

vs.

DEEP ROOTS HOME IMPROVEMENT INC d/b/a DEEP ROOTS HOME IMPROVEMENT and MELISSA BOWDEN, as personal guarantor,

Defendants.

No. GD-26-

**COMPLAINT**

Code: 010-Contract

Filed on behalf of: Plaintiff
84 LUMBER COMPANY L.P.

Counsel of Record for This Party:

S. Manoj Jegasothy, Esquire
Pa. Id. #80084

William E. Blick, Esquire
Pa. Id. #204107

Lee C. Weir, Esquire
Pa. Id. #328963

GORDON REES SCULLY MANSUKHANI, LLP
75 Hopper Place, 3rd Floor
Pittsburgh, PA 15222
Main: 412-577-7400
Facsimile: 412-347-5461

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**
**CIVIL DIVISION**

| | |
|---|---|
| 84 LUMBER COMPANY, L.P.,<br><br>Plaintiff,<br><br>vs.<br><br>DEEP ROOTS HOME IMPROVEMENT INC d/b/a DEEP ROOTS HOME IMPROVEMENT and MELISSA BOWDEN, as personal guarantor,<br><br>Defendants. | No. GD-26-<br><br>**COMPLAINT** |

**NOTICE TO DEFEND**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyer Referral Service
Allegheny County Bar Association
11th Floor Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
Telephone: (412) 261-5555

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**
**CIVIL DIVISION**

| | |
|---|---|
| 84 LUMBER COMPANY, L.P., | No. GD-26- |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| DEEP ROOTS HOME IMPROVEMENT INC d/b/a DEEP ROOTS HOME IMPROVEMENT and MELISSA BOWDEN, as personal guarantor, | |
| Defendants. | |

**COMPLAINT**

AND NOW comes the Plaintiff, 84 Lumber Company, L.P. ("84 Lumber"), by and through its undersigned counsel, and files this Complaint against Defendants, Deep Roots Home Improvement Inc d/b/a Deep Roots Home Improvement and Melissa Bowden, as personal guarantor, averring as follows:

**PARTIES**

1. 84 Lumber is a Pennsylvania limited partnership with a principal place of business in Eighty Four, Washington County, Pennsylvania.

2. Defendant, Deep Roots Home Improvement Inc d/b/a Deep Roots Home Improvement, is a business entity with a business address of 1548 Pine Springs Rd., Knoxville, TN 37922.

3. Defendant, Melissa Bowden, is an adult individual with an address of 1548 Pine Springs Rd., Knoxville, TN 37922.

4. On information and belief, and at all times relevant and material hereto, Deep Roots Home Improvement Inc was doing business as "Deep Roots Home Improvement".

5. On information and belief, "Deep Roots Home Improvement Inc" is the proper legal entity name for "Deep Roots Home Improvement".

6. On information and belief, Defendants, Deep Roots Home Improvement Inc d/b/a Deep Roots Home Improvement and Melissa Bowden, are now doing business as Deep Roots Home Improvement Inc d/b/a Deep Roots Home Improvement with a business address of 1548 Pine Springs Rd., Knoxville, TN 37922.

**JURISDICTION AND VENUE**

7. This Court has original jurisdiction over this action pursuant to 42 Pa.C.S.A. § 931.

8. Venue is appropriate in the Court of Common Pleas of Allegheny County pursuant to Pa. R. Civ. P. 1006 because, *inter alia*, the parties contractually agreed that any and all disputes relating to the written agreement out of which this action arises would be tried and litigated in the Court of Common Pleas of Allegheny County, Pennsylvania.

**COUNT I - BREACH OF CONTRACT**
**(84 Lumber Company, L.P. v. Deep Roots Home Improvement Inc d/b/a Deep Roots Home Improvement)**

9. 84 Lumber incorporates by reference the averments of Paragraphs 1 through 8 above as though the same were fully set forth herein.

10. On or about May 21, 2023, Deep Roots Home Improvement Inc d/b/a Deep Roots Home Improvement (hereinafter referred to as "Defendant") which sought to purchase goods, supplies, and/or work from 84 Lumber on credit, completed a Commercial Credit Application

(the "Application"), and submitted same to 84 Lumber. A copy of the Application is attached hereto as Exhibit "A".

11. Upon delivery of its Application to 84 Lumber, an agreement was formed between the parties, the terms of which are set forth in the Application and the accompanying terms and conditions (collectively referred to hereinafter as the "Agreement").

12. Pursuant to the terms of the Agreement, Plaintiff sold and delivered to Defendant certain goods, supplies, and/or work.

13. Defendant received and accepted said goods, supplies, and/or work.

14. Defendant agreed to pay for the goods, supplies, and/or work pursuant to the terms of the Agreement.

15. The unpaid balance on Defendant's account is $122,137.34.

16. The Agreement also provides for finance/late charges at the rate of 1.5% per month on the unpaid balance.

17. As of March 16, 2026, the finance/late charges on the unpaid balance amount to $8,779.79.

18. The total outstanding balance on Defendant's account with 84 Lumber, as of March 16, 2026 is $130,917.13.

19. Finance/late charges continue to accrue at the rate of $60.23 per day thereafter.

20. In addition, the Agreement requires Defendant to pay 84 Lumber's reasonable attorneys' fees in the event of litigation caused by Defendant's breach of the Agreement.

21. Defendant has failed to pay the aforesaid balance and finance/late charges in breach of the parties' Agreement, and has thereby caused by 84 Lumber to incur substantial damages.

22. All conditions precedent Defendant's payment obligation(s) have occurred.

WHEREFORE, 84 Lumber demands Judgment against Defendant in the amount of $130,917.13with continuing finance/late charges thereon as set forth above. 84 Lumber also demands that its attorneys' fees and costs be paid by Defendant.

**COUNT II - BREACH OF CONTRACT**
**(84 Lumber Company, L.P. v. Melissa Bowden, as personal guarantor)**

23. Plaintiff incorporates by reference the averments of Paragraphs 1 through 22 above as though the same were fully set forth herein.

24. As part of the Agreement, Melissa Bowden (hereinafter referred to as "Guarantor"), executed a document personally guaranteeing Defendant's obligations under the Agreement.

25. All conditions precedent to Guarantor's duty of performance under the personal guaranty of payment have occurred.

26. 84 Lumber has accrued damages as of March 16, 2026 in the amount of at least $130,917.13 with continuing finance/late charges thereon at the rate of $60.23 per day thereafter.

27. Guarantor has willfully failed to pay the aforesaid damages to 84 Lumber, as is required under the aforementioned personal guaranty of payment, and has thereby caused 84 Lumber to incur substantial damages.

WHEREFORE, 84 Lumber demands Judgment against Guarantor in the amount of $130,917.13 with continuing finance/late charges thereon as set forth above. 84 Lumber also demands that its attorneys' fees and costs be paid by Guarantor.

**COUNT III - UNJUST ENRICHMENT**
**(84 Lumber Company, L.P. v. Deep Roots Home Improvement Inc d/b/a Deep Roots Home Improvement)**

28. 84 Lumber hereby incorporates Paragraphs 1 through 27 above as though the same were set forth herein.

29. As set forth above, 84 Lumber avers that the failure of Defendant and Guarantor to pay 84 Lumber constitutes a material breach of the Agreement.

30. In the alternative to a breach of the Agreement, 84 Lumber avers that it provided goods, supplies, and/or work to Defendant and Defendant retained the benefit of such goods, supplies, and/or work without paying 84 Lumber for same.

31. Defendant knew that 84 Lumber expected to be paid for its goods, supplies, and/or work.

32. It would be inequitable for Defendant to retain the benefit of 84 Lumber's goods, supplies, and/or work without adequately compensating 84 Lumber for same.

WHEREFORE, 84 Lumber demands Judgment against Defendant in the amount of $130,917.13, together with costs, interest, and such other relief as this Court deems appropriate.

**COUNT IV - UNJUST ENRICHMENT**
**(84 Lumber Company, L.P. v. Melissa Bowden, as personal guarantor)**

33. 84 Lumber hereby incorporates Paragraphs 1 through 33 above as though the same were set forth herein.

34. As set forth above, 84 Lumber avers that the failure of Defendant and Guarantor to pay 84 Lumber constitutes a material breach of the parties' written agreement.

35. In the alternative to a breach of the Agreement, 84 Lumber avers that it provided goods and supplies to Guarantor, and Guarantor retained the benefit of such goods, supplies, and/or work without paying 84 Lumber for same.

36. Guarantor knew that 84 Lumber expected to be paid for its goods, supplies, and/or work.

37. It would be inequitable for Guarantor to retain the benefit of 84 Lumber's goods, supplies, and/or work without adequately compensating 84 Lumber for same.

WHEREFORE, 84 Lumber demands Judgment against Guarantor in the amount of $130,917.13 together with costs, interest, and such other relief as this Court deems appropriate.

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI, LLP

By: _/s/ William E. Blick_
S. Manoj Jegasothy, Esquire (Pa. Id. #80084)
William E. Blick, Esquire (Pa. Id. #204107)
Lee C. Weir, Esquire (Pa. Id. #328963)
75 Hopper Place, 3rd Floor
Pittsburgh, PA 15222
412-577-7400

**VERIFICATION**

I, David Barrett of 84 Lumber Company, have read the foregoing Complaint. The statements therein are correct to the best of my personal knowledge or information and belief.

This statement and verification is made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities, which provides that if I make knowingly false statements, I may be subject to criminal penalties.

David Barrett, Collection Manager

Date: 3-13-2026

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**
**CIVIL DIVISION**

| | |
|---|---|
| 84 LUMBER COMPANY, L.P.,<br><br>Plaintiff,<br><br>vs.<br><br>DEEP ROOTS HOME IMPROVEMENT INC d/b/a DEEP ROOTS HOME IMPROVEMENT and MELISSA BOWDEN, as personal guarantor,<br><br>Defendants. | No. GD-26-<br><br>**COMPLAINT** |

**CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Plaintiff

Signature: */s/ William E. Blick*

Name: William E. Blick

Attorney No. (if applicable): 204107

# EXHIBIT A

[illegible] All rights reserved [illegible]

CONTRACTOR - COMMERCIAL CREDIT APPLICATION

CREDIT DEPARTMENT

# 84 LUMBER COMPANY

(Please Print in CAPITAL LETTERS)

FOR STORE/OFFICE USE ONLY

| | |
|---|---|
| Store Name: | Knox |
| Store Number: | 1203 |
| Acct. Number | 1992 |

Applicant/Business Name: Deep Roots Home Improvement

Phone: [redacted]

Business Address: [redacted]

Fax: ( )

City, State, Zip Code: [redacted]

E-mail: [redacted]

Billing Address: [redacted]

☐ Sol[redacted]

Previous Business Address: [redacted]

☐ Partnership

☑ Corporation

Name of Owner, General Partner or President: Melissa Bowden

Social Security Number: [redacted]

Address: [redacted]

City, State, Zip Code: [redacted]

Previous Address: [redacted]

*(If less than one year at present address, include previous)*

Name of other Partner or Vice President:

Social Security Number:

Address:

City, State, Zip Code:

Previous Address:

Date Business Started: [redacted]

State of Incorporation or Partnership: Inc.

Fed. Tax ID[redacted]

Type of Business: ☐ General Contractor ☐ Subcontractor ☑ Remodeler ☐ Other: ______ Number of homes built in the last 3 years: ______

Operation: ☐ Speculation ____ % ☐ Contract ____ % Expected monthly credit utilization: $ [redacted]

Number of years home building experience: 15 Title/Position/Duties: ______

Financial Statement attached? ☐ Yes ☐ No Have you ever filed for Bankruptcy? ☐ Yes ☐ No If yes, When? ______

Primary Bank [redacted]

Name City State Phone Number

Type of Account: Checking Account No. [redacted] Savings Account No. ______

Officer to Contact: [redacted] Line of Credit: Amount $ ______ ☐ Secured ☐ Unsecured

## PRINCIPAL TRADE REFERENCES

| | NAME STREET/CITY/STATE/ZIP | PHONE | LINE OF CREDIT |
|---|---|---|---|
| Primary Bldg. Mat'ls. | | ( ) | |
| Secondary Bldg. Mat'ls. | | ( ) | |
| Concrete Stone Bldg. Mat'ls. | | ( ) | |
| Other Trade | | ( ) | |

**MUST HAVE MINIMUM OF FOUR TRADE REFERENCES**

BY SIGNING BELOW I HEREBY CERTIFY THAT I AM THE OWNER, GENERAL PARTNER OR PRESIDENT OF THE ABOVE BUSINESS, AND I DO UNCONDITIONALLY AND IRREVOCABLY PERSONALLY GUARANTEE THIS CREDIT ACCOUNT AND PAYMENTS OF ANY AND ALL AMOUNTS DUE BY THE ABOVE BUSINESS, AND THAT I HAVE READ ALL OF THE TERMS AND CONDITIONS ON THE REVERSE SIDE OF THIS APPLICATION AND UNDERSTAND AND AGREE TO THE SAME, AND THAT ALL OF THE INFORMATION CONTAINED IN THIS APPLICATION IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE. (APPLICATION MUST BE FULLY COMPLETED, SIGNED AND WITNESSED).

Witness: ______

Applicant Signature: Melissa Bowden Date: 5/21/23

Print Name: Melissa Bowden

Witness: ______

Applicant Signature: ______ Date: ______

Print Name: ______

(If Applicant is a Partnership then General Partner must sign the application
If Applicant is a corporation than President must sign the application)

Copyright © 2016 84 Lumber Company

# CONTRACTOR – COMMERCIAL CREDIT AGREEMENT TERMS AND CONDITIONS

Applicant and Personal Guarantor(s) (collectively. "Applicant") signing this Contractor – Commercial Credit Application ("Application") agree to accept credit extended by 84 Lumber Company and its affiliates and subsidiaries, (collectively, "84"), subject to the terms and conditions set forth herein. References to a "party" or "parties" shall refer to Applicant, Personal Guarantor(s), and/or 84.

1. **A NUMBER INVOICE SHALL BE FURNISHED WITH EACH PURCHASE. THE CUT-OFF DATE FOR MONTHLY BILLING IS THE TWENTY-FIFTH (25TH). A BILL/STATEMENT OF THE TRANSACTIONS WILL BE SENT TO APPLICANT AND MUST BE PAID IN FULL NO LATER THAN THE TENTH (10TH) OF THE MONTH NEXT FOLLOWING THE CUT-OFF DATE.**
   **A FINANCE/LATE CHARGE WILL BE ASSESSED AT 1.5% PER MONTH, WHICH IS 18% PER ANNUM, ON THE BALANCE THAT IS PAST DUE;**
2. Applicant agrees to grant and 84 is retaining a Purchase Money Security Interest under the Uniform Commercial Code on the building materials purchased on Applicant's account until such building materials are paid for in full;
3. All billing errors must be reported to the 84 Credit Department in writing within thirty (30) days after 84 has sent Applicant the first statement on which the error appears. Applicant agrees to notify the 84 Credit Department in writing of any unauthorized purchases on Applicant's account within seven (7) days of receiving the first statement containing such alleged unauthorized purchases;
4. 84 shall have the right to rely upon all reasonable representations of persons representing themselves to be agents of Applicant as to authority to make purchases on Applicant's account unless the 84 Credit Department receives prior written notification from Applicant limiting agents authorized to make purchases;
5. Applicant agrees to have an agent at job sites to sign invoices or bills of lading. Failure to do so will constitute a legal acceptance by Applicant of building materials delivered even though no invoice or bill of lading has been signed. Applicant must notify the applicable 84 store in writing of all claims for errors, shortages, damages and defects within twenty four (24) hours of delivery;
6. Applicant agrees to furnish the applicable 84 store with an address and legal description for each job site where purchased materials are used;
7. 84 has the right to close Applicant's account at any time, with or without cause, or sell, assign or transfer Applicant's account upon written notice to Applicant from the 84 Credit Department. Applicant agrees to notify the 84 Credit Department in writing of Applicant's desire to close Applicant's account, change of address, ownership, company name or change in legal business status;
8. **84 MAY CHANGE OR ADD TERMS AND CONDITIONS OF THIS ACCOUNT. 84 WILL GIVE APPLICANT NOTICE OF SUCH CHANGE IN THE TERMS AND CONDITONS AS REQUIRED BY APPLICABLE LAW, BY SENDING NOTICE TO APPLICANT'S LAST KNOWN ADDRESS AS SHOWN ON 84'S RECORDS. CHANGED TERMS AND CONDITIONS WILL APPLY TO ANY OUTSTANDING BALANCE OF THE ACCOUNT AS WELL AS TO ANY TRANSACTIONS AFTER THE DATE OF THE CHANGE. IN ANY EVENT, APPLICANT'S FAILURE TO OBJECT TO ANY CHANGE IN THE TERMS AND CONDITIONS, BY WRITTEN NOTICE TO 84 AT THE ADDRESS SET FORTH IN PARAGRAPH 19 WITHIN THIRTY (30) DAYS OF RECEIPT OF THE CHANGE WILL CONFIRM THAT APPLICANT AGREES TO ANY SUCH CHANGE.**
9. **IF THIS ACCOUNT IS PLACED FOR COLLECTION AND/OR IF 84 SEEKS LEGAL RECOURSE OF ANY KIND FOR APPLICANT'S FAILURE TO SATISFY AN OUTSTANDING BALANCE, APPLICANT AGREES TO PAY 84 REASONABLE ATTORNEY'S FEES AND COSTS, INCLUDING FEES AND COSTS FOR MECHANIC'S LIENS;**
10. Applicant hereby authorizes any and all banks, credit reporting agencies, principal trade references, or any other credit source available to furnish credit information to 84. Applicant gives 84 permission to furnish business solicitation information about Applicant to third parties;
11. Applicant agrees that any credit extended hereunder is strictly commercial credit and does not arise out of a consumer transaction and is therefore not governed by applicable federal or state consumer credit regulations;
12. The entire agreement of the parties is set forth in this written document and there are no other oral or written understandings, promises, representations or agreements. This Agreement cannot be modified or amended except that 84 may change the terms and conditions of this Agreement as set forth in Paragraph 8 above; and this Agreement shall supersede all previous communications, representations, or agreements, either verbal or written, between the parties hereto. This Agreement shall take precedence, supersede and control over any conflicting or additional terms contained in purchase orders, contracts or other similar documents issued or executed by the parties and no such documents shall be binding upon 84 unless approved and signed by an authorized officer of 84. Applicant understands and agrees that except for an authorized officer, no employees of 84 have the authority to sign contracts on behalf of 84. In the event that an 84 employee signs a contract with Applicant, such document shall not constitute a binding or valid contract unless later approved in writing by an authorized officer of 84;
13. The waiver or invalidity of any provision herein shall not affect the validity of any other provision herein;
14. **DISCLAIMER OF WARRANTIES: IN NO EVENT SHALL 84 BE LIABLE FOR LIQUIDATED, INCIDENTAL, PUNITIVE OR CONSEQUENTIAL DAMAGES IN CONNECTION WITH BUILDING MATERIALS OR INSTALLATION PURCHASED BY APPLICANT. 84 DISCLAIMS ANY EXPRESS OR IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE ON BUILDING MATERIALS OR INSTALLATION PURCHASED BY APPLICANT. IN NO EVENT SHALL 84'S LIABILITY EXCEED THE REPLACEMENT COST OF BUILDING MATERIALS OR INSTALLATION.**
15. This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania;
16. **CONSENT TO JURISDICTION AND FORUM SELECTION. THE PARTIES HERETO AGREE THAT ALL ACTIONS OR PROCEEDINGS ARISING IN CONNECTION WITH THIS AGREEMENT SHALL BE TRIED AND LITIGATED EXCLUSIVELY IN THE COURT OF COMMON PLEAS OF ALLEGHENY OR WASHINGTON COUNTY, PENNSYLVANIA OR THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA. THE AFOREMENTIONED CHOICES OF VENUE ARE INTENDED BY THE PARTIES TO BE MANDATORY AND NOT PERMISSIVE IN NATURE, THEREBY PRECLUDING THE POSSIBILITY OF LITIGATION BETWEEN THE PARTIES WITH RESPECT TO OR ARISING OUT OF THIS AGREEMENT IN ANY JURISDICTION OTHER THAN THOSE SPECIFIED IN THIS PARAGRAPH. EACH PARTY HEREBY WAIVES ANY RIGHT IT MAY HAVE TO ASSERT THE DOCTRINE OF FORUM NON CONVENIENS OR ANY SIMILAR DOCTRINE OR TO OBJECT TO VENUE WITH RESPECT TO ANY PROCEEDING BROUGHT IN ACCORDANCE WITH THIS PARAGRAPH, AND STIPULATES THAT THE COURT OF COMMON PLEAS OF ALLEGHENY OR WASHINGTON COUNTY, PENNSYLVANIA OR THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA SHALL HAVE IN PERSONAM JURISDICTION AND VENUE OVER EACH OF THEM FOR THE PURPOSE OF LITIGATING ANY DISPUTE, CONTROVERSY, OR PROCEEDING ARISING OUT OF OR RELATED TO THIS AGREEMENT. EACH PARTY HEREBY AUTHORIZES AND ACCEPTS SERVICE OF PROCESS SUFFICIENT FOR PERSONAL JURISDICTION IN ANY ACTION AGAINST IT AS CONTEMPLATED BY THIS PARAGRAPH BY REGISTERED OR CERTIFIED MAIL, RETURN RECEIPT REQUESTED, POSTAGE PREPAID. ANY FINAL JUDGMENT RENDERED AGAINST A PARTY IN ANY ACTION OR PROCEEDING SHALL BE CONCLUSIVE AS TO THE SUBJECT OF SUCH FINAL JUDGMENT AND MAY BE ENFORCED IN OTHER JURISDICTIONS IN ANY MANNER PROVIDED BY LAW.**
17. **JURY WAIVER. APPLICANT EXPRESSLY WAIVES THE RIGHT TO A TRIAL BY JURY OF ANY MATTERS ARISING OUT OF OR RELATING TO THIS AGREEMENT, OR ANY TRANSACTIONS CONTEMPLATED HEREBY.**
18. **CLASS ACTION WAIVER. THE PARTIES, INCLUDING 84, THE APPLICANT(S), ANY PERSONAL GUARANTOR(S), AND ANY OTHER PERSON OR ENTITY BOUND HEREBY, AGREE THAT ANY ACTION, LAWSUIT, OR OTHER PROCEEDING IN ANY WAY RELATED TO OR ARISING FROM THIS APPLICATION AND AGREEMENT WILL BE CONDUCTED EXCLUSIVELY ON AN INDIVIDUAL, AND NOT A CLASS-WIDE BASIS. THUS, ANY ACTION, LAWSUIT, OR OTHER PROCEEDING BETWEEN 84, ON ONE HAND, AND ANY OR ALL OF THE APPLICANT(S), THE PERSONAL GUARANTOR(S), AND/OR ANY OTHER PARTIES HERETO, ON THE OTHER. SHALL NOT BE CONSOLIDATED WITH ANOTHER PROCEEDING BETWEEN 84 AND ANY OTHER ENTITY OR PERSON AND NO CLASS ACTION SHALL BE BROUGHT OR PROCEED AGAINST 84 LUMBER.**
19. All written notices to 84 by Applicant required under this Agreement shall be sent Certified Mail – Return Receipt Requested to: 84 Lumber Company, Credit Department, Building #3, 1019 Route 519, Eighty Four, Pennsylvania 15330-2813; All written notices to Applicant by 84 required under this Agreement shall be sent to Applicant's last known address as shown on 84's records, or to such other address as Applicant may provide to 84 in writing as set forth herein;
20. Applicant agrees not to withhold, setoff, deduct or retain payment against amounts due 84 on this Account for any alleged claims or charges;
21. **84 ASSUMES NO LIABILITY AND DOES NOT WARRANT ANY PRODUCT OR INSTALLATION AGAINST MOLD GROWTH, MOLD-RELATED PROBLEMS, OR ANY OTHER ENVIRONMENTAL TOXINS, HAZARDOUS MATERIALS OR SUBSTANCES OF ANY TYPE. APPLICANT AGREES TO HOLD HARMLESS AND RELEASE 84 FROM ANY SUCH CLAIMS.**

Applicant Signature____________________ Date__________

Copyright © 2019 84 Lumber Company

Applicant Signature__________